IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARTOR BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UPPER DARBY POLICE DEPARTMENT | : | NO.  16-3555 |

MEMORANDUM

DAVIS, J.                                                                                                        AUGUST   16, 2016

      Plaintiff Gartor Brown, a prisoner incarcerated at the Curran-Fromhold Correctional Facility, brings this action, pursuant to 42 U.S.C. § 1983, against the Upper Darby Police Department.  For the following reasons, the Court will dismiss his amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      In his initial complaint, plaintiff alleged that he was falsely imprisoned and defamed.  After granting plaintiff leave to proceed *in forma pauperis*, the Court dismissed the complaint because plaintiff failed to allege a basis for municipal liability against the Upper Darby Police Department.  The Court also concluded that the case was duplicative, to some extent, of a prior case that plaintiff filed against the Upper Darby Police Department, which was stayed pending the outcome of his state criminal proceeding.  *See Brown v. Upper Darby Police Dep't*, E.D. Pa. Civ. A. No. 16-2255.  The Court gave plaintiff leave to file an amended complaint, which he did.  Plaintiff appears to be alleging that he was defamed because a newspaper published an article alleging that he had committed a crime.  He seeks monetary damages.

As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim.[1]  To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "[M]ere conclusory statements[] do not suffice." *Id.*  As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Harm to one's reputation is not actionable under § 1983 unless a plaintiff can "show a stigma to his reputation *plus* deprivation of some additional right or interest." *Dee v. Borough of Dunmore*, 549 F.3d 225, 233-34 (3d Cir. 2008) (quotations omitted); *Paul v. Davis*, 424 U.S. 693, 713 (1976).  As plaintiff's claim rests entirely on alleged damage to his reputation, he has not stated a basis for a constitutional claim.  Furthermore, as plaintiff has already been informed, a municipality may not be held liable under § 1983 unless a municipal policy or custom caused the alleged constitutional violation at issue. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 245 (3d Cir. 2006).  However, the amended complaint does not state a basis for municipal liability apart from conclusory statements and legal principles.

For the foregoing reasons, the Court will dismiss plaintiff's amended complaint.  Plaintiff will not be given leave to amend because it appears that amendment would be futile.  An appropriate order follows, which shall be docketed separately.

---

[1] Plaintiff filed a second motion to proceed *in forma pauperis* with his amended complaint.  As plaintiff has already been granted *in forma pauperis* status, the Court will deny the motion as unnecessary.